Fuld, J. (dissenting).
I am Avilling to assume that the
proof demonstrates that the testator’s belief that his Avife was unfaithful was completely groundless and unjust. However, that is not enough; it does not follow from this fact that the testator suffered from such a delusion as to stamp him mentally defective or as lacking in capacity to make a will. (See, e.g., Matter of Hargrove, 288 N. Y. 604, affg. 262 App. Div. 202; Dobie v. Armstrong, 160 N. Y. 584, 593-594; Matter of White, 121 N. Y. 406, 414; Clapp v. Fullerton, 34 N. Y. 190, *253 197.) “ To sustain the allegation,” this court wrote in the Clapp case (34 N. Y. 190, 197), “ it is not sufficient to show that his suspicion in this respect was not well founded. It is quite apparent, from the evidence, that his distrust of the fidelity of his wife was really groundless and unjust; hut it does not follow that his doubts evince a condition of lunacy. The right of a testator to dispose of his estate, depends neither on the justice of his prejudices nor the soundness of his reasoning. He may do what he will with his own; and if there be no defect of testamentary capacity, and no undue influence or fraud, the law gives effect to his will, though its provisions are unreasonable and unjust.”
As a matter of fact, in the case before us, a goodly portion of the widow’s testimony bearing on her husband’s alleged delusion should have been excluded, as the court itself notes (opinion, pp. 251-252), by reason of section 347 of the Civil Practice Act. And, of course, if such testimony had not been received in evidence, a number of items of proof upon which the widow relies would not have been available, with the consequence that the record would have contained even less basis for her claim of delusion.
Moreover, I share the Appellate Division’s view that other and sound reasons, quite apart from the alleged decision, existed for the disposition made by the testator. Indeed, he himself had declared that his wife had enough money and he wanted to take care of his brothers and sisters living in Europe. ('See Matter of Nicholas, 216 App. Div. 399, 403, affd. 244 N. Y. 531; Coit v. Patchen, 77 N. Y. 533, 541-542; Matter of White, 121 N. Y. 406, 414, supra.)
In short, the evidence adduced utterly failed to prove that the testator was suffering from an insane delusion or lacked testamentary capacity. The Appellate Division was eminently correct in concluding that there was no issue of fact for the jury’s consideration and in directing the entry of a decree admitting the will to probate. Its order should be affirmed.
Chief Judge Desmond and Judges Froessel and Burke concur with Judge Dye; Judge Fuld dissents in an opinion in which Judges Van Voorhis and Foster concur.
Order reversed, etc.